# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

CASE NO.: _____

RAYMOND GIBSON,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.

## NOTICE OF REMOVAL

Defendant Bank of America, N.A. ("BANA"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, and 1446, hereby notifies this Court that it is removing the above-styled action currently pending the County Court of the Twentieth Judicial Circuit in and for Lee County, Florida, to the United States District Court for the Middle District of Florida, Fort Myers Division.  In support of this Notice of Removal, and to provide a short and plain statement of the grounds for removal, BANA states as follows:

**I.      BACKGROUND AND PROCEDURAL POSTURE**

1.      Plaintiff Raymond Gibson ("Plaintiff") filed the First Amended Complaint for Damages and Demand for Jury Trial (the "Amended Complaint") against BANA in the County Court of the Twentieth Judicial Circuit in and for Lee

County, Florida, on September 29, 2024, in a case styled as *Raymond Gibson v. Bank of America, N.A.*, Case No. 24-CC-004768 (the "State Court Action").

2.  True and correct copies of all process, pleadings, and orders served on BANA in the State Court Action are attached hereto as **Composite Exhibit A**.

3.  In the Amended Complaint, for the first time, Plaintiff alleged a cause of action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA") (Count I), related to the reporting of a BANA credit card account that Plaintiff disputes he owns. The Amended Complaint also asserts causes of action against BANA for defamation (Count II); violation of the Florida Consumer Collection Practices Act ("FCCPA") (Count III); and the intentional infliction of emotional distress (Count IV). Amended Compl., pgs. 13–19.

4.  This Notice of Removal is being filed with this Court within thirty (30) days of service of the Amended Complaint as required by 28 U.S.C. § 1446(b)(3).

5.  Removal is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because the Amended Complaint alleges causes of action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"), a federal statute that is within the original jurisdiction of this Court. 28 U.S.C. § 1331.

6.  In accordance with 28 U.S.C. § 1446(d), Defendant BANA has contemporaneously filed in the State Court Action a Notice of Filing Notice of Removal and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit B**.

7. In accordance with 28 U.S.C. § 1446(d), BANA has also given written notice to Plaintiff by contemporaneously serving this Notice of Removal on Plaintiff, who is representing himself *pro se*.

8. As required by 28 U.S.C. § 1441, BANA seeks to remove this case to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, which is the proper venue for this action, because it is the federal district court that embraces the place where the State Court Action is pending. *See* 28 U.S.C. § 1441(a).

9. In filing this Notice of Removal, BANA does not waive and specifically reserves any and all defenses, exceptions, rights, and motions, including but not limited to failure to properly effectuate service of process. No statement or omission in this Notice shall be deemed an admission of any of the allegations of or relief sought in the Amended Complaint.

10. As set forth below, this case is properly removed to this Court, because this Court has federal question jurisdiction under 28 U.S.C. § 1331.

## II. THE COURT HAS FEDERAL QUESTION JURISDICTION

11. Removal is proper under 28 U.S.C. § 1441, because this United States District Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331. Section 1331 provides that the District Courts shall have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

12. Plaintiff's Amended Complaint alleges a cause of action pursuant to the FCRA, a federal statute. Specifically, Plaintiff alleges that BANA violated the FCRA by: (i) failing to adequately investigate the disputed accounts; (ii) continuing to report inaccurate information about Plaintiff to the credit reporting agencies; and (iii) failing to correct or delete inaccurate information despite being informed multiple times that the accounts where fraudulent. *See* Amended Compl. ¶¶ 52-56, 65-68.

13. Because the FCRA is a federal statute, federal question jurisdiction exists. *See Valdivieso v. Atlas Air, Inc.*, 128 F. Supp. 2d 1371, 1373 (S.D. Fla. 2001) (stating that "[FCRA] actions are removable") (citing *Lockard v. Equifax, Inc.*, 163 F.3d 1259 (11th Cir.1998)).

14. Therefore, removal to this Court is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### III.   THE COURT HAS SUPPLEMENTAL JURSIDICTION OVER THE STATE LAW CLAIMS.

15. In addition to the claims arising under federal law, the Complaint alleges state law causes of action for (i) defamation, (ii) violation of the Florida Consumer Collection Practices Act (FCCPA), and (iii) intentional infliction of emotional distress ("State Law Claims"). *See* Amended Compl. at ¶¶ 57-73. Like the FCRA claim, the

State Law Claims arise out of the purportedly unauthorized and fraudulent transactions on Plaintiff's BANA account, as well as failure to refund such charges. Amended Compl. at ¶¶ 1–50.

16. Plaintiff's FCRA claim, of which this Court has federal question jurisdiction as set forth above, depends on BANA's alleged failure to "conduct a thorough and accurate investigation upon receiving Plaintiff's disputes." *See* Amended Compl. at ¶¶ 24, 26.

17. The State Law Claims turn on the same alleged conduct and operative facts as the EFTA/FCBA claim. Specifically, Plaintiff's FCCPA claim alleges that BANA "willfully or negligently ignored the Plaintiff's valid disputes and failed to properly investigate or correct the erroneous information." Amended Compl. at ¶ 67. Plaintiff's defamation claim alleges that BANA "made false or defamatory statements about the Plaintiff" by publishing information to the credit reporting agencies that were false because Plaintiff did not allegedly open the disputed accounts. Amended Compl. at ¶ 59. Finally, Plaintiff's emotional distress claim alleges that Plaintiff has experienced severe emotional distress as a result of the unauthorized transactions and [BANA]'s failure to rectify the fraudulent accounts. Amended Compl. at ¶ 71.

18. This Court may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1331(a). "The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a

5

common nucleus of operative fact with a substantial federal claim." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006).

19. Here, because the State Law Claims arise out of the same operative facts (i.e., the purportedly unauthorized/fraudulent charges and BANA's investigation thereof and response thereto), this Court may properly exercise supplemental jurisdiction over the State Law Claims under 28 U.S.C. § 1367.

20. Because Plaintiff's claims arise under the laws of the United States (i.e., two federal statutes), removal of this entire action is appropriate under 28 U.S.C. § 1441(a) and (c) on grounds that this Court has original jurisdiction over the claims arising under federal law and supplemental jurisdiction over the remaining state law claim breach of contract claim. 28 U.S.C. § 1367(a).

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons and authorities, Defendant BANA removes the above-captioned action now pending in the Twentieth Judicial Circuit in and for Lee County, Florida, to the United States District Court for the Middle District of Florida, Fort Myers Division, and requests that said District Court assume exclusive jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: October 14, 2024      Respectfully submitted,

**McGUIREWOODS LLP**

By    */s/ Jason R. Bowyer*
      Jason R. Bowyer
      Florida Bar No. 693731
      E. Paul Cuffe
      Florida Bar No. 1018521
      50 North Laura Street, Suite 3300
      Jacksonville, Florida 32202
      (904) 798-3200 | (904) 798-3207 (fax)
      jbowyer@mcguirewoods.com
      pcuffe@mcguirewoods.com
      flservice@mcguirewoods.com
      fladmin@mcguirewoods.com
*Attorneys for Defendant Bank of America, N.A.*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY THAT ON October 14, 2024 a true and correct copy of the foregoing document was served on the following counsel of record via Email:

**Via E-Mail**

Raymond Gibson
9728 Mendocino Dr.
Fort Myers, FL 33919
raymond.gibson1211@gmail.com
*Pro Se Plaintiff*

                                */s/ Jason R. Bowyer*
                                    Attorney